UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI AREF AL BASRI and
LAITH SAMIR SOLAGH,

    Plaintiff,

v.

CIVIL CASE NO. 07-10795

DISTRICT DIRECTOR, USCIS-Detroit;
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; UNITED STATES
ATTORNEY GENERAL; and FEDERAL
BUREAU OF INVESTIGATION,

HON. PAUL V. GADOLA

    Defendant.
_____/

## ORDER GRANTING IN PART
## DEFENDANT'S MOTION TO DISMISS OR REMAND

Before this Court is Defendants' motion to dismiss or remand Plaintiffs' complaint, filed on May 21, 2007. For the following reasons, the Court will grant Defendants' motion in part.

Plaintiffs currently have applications for naturalization pending with the Citizenship and Immigration Services ("CIS"). Plaintiff Al Basri first submitted the immigration application to the CIS on or about October 17, 2005. Plaintiff Solagh filed his application on July 22, 2004. On June 21, 2006 (as to Al Basri) and December 9, 2004 (as to Solagh), Plaintiffs were given initial interviews on their separate applications for naturalization with USCIS. The CIS has allegedly not made a decision on Plaintiffs' applications because it is still waiting on the results of unfinished FBI name checks. On February 23, 2007, Plaintiffs filed a complaint, requesting the Court to make a judicial determination of their naturalization applications.

In the motion, Defendants argue that this Court should dismiss Plaintiffs' complaint as it does not have jurisdiction to consider Plaintiffs' request. The relevant language of the Immigration

and Nationality Act states:

> If there is a failure to make a determination under section 355 [8 USCS § 1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has the jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Plaintiffs argue that the word "examination" in the statue refers to their CIS interviews conducted on June 21, 2006, and December 9, 2004, and that because 120 days have passed since the interviews, this Court has jurisdiction to determine the matter of their immigration applications. Defendants argue, in opposition, that the "examination" of § 1447 includes the FBI name check, and since the FBI has not been completed, the "examination" has not finished and the 120 days have not yet begun to toll.

After reviewing the language of the statute and prior case law, the Court finds that in the language of § 1447 stating "after the date on which the examination is conducted," the word "examination" was not intended to include an ongoing FBI name check. *See Mahmood v. Jenifer*, No. 05-40154 (E.D. Mich. Nov. 30, 2005) (Gadola, J.). Instead, the word "examination" describes an event occurring on a definite occasion, such as an interview. This statutory interpretation is the one currently followed in the Eastern District of Michigan. *See Kehlifa v. Chertoff*, 433 F. Supp. 2d 836 (E.D. Mich. 2006) (Rosen. J.); *Abdelkarim v. Gonzales*, No. 06-14436 (E.D. Mich. Apr. 30, 2007) (Edmunds, J.); *Issa v. Mueller*, No. 06-15683 (E.D. Mich. Apr. 27, 2007) (Feikens, J.); *Wenbo Yang v. Gonzales*, No. 06-14816 (E.D. Mich. Apr. 24, 2007) (Rosen, J.); *Awada v. Gonzales*, No. 06-15394 (E.D. Mich. Apr. 24, 2007) (Rosen, J.); *Osowa v. Gonzales*, No. 06-15602 (E.D. Mich. Apr. 5, 2007) (Cox, J.); *Al Saleh v. Dist. Dir.*, 06-13372 (E.D. Mich. Mar. 28, 2007) (Duggan, J.); *Zhang v. Chertoff*, No. 05-72121 (E.D. Mich. Feb. 1, 2006) (Roberts, J.); *Al Saidi v. Jenifer*, No. 05-

71832 (E.D. Mich. Dec. 23, 2005) (Hood, J.). Consequently, because 120 days have elapsed since Plaintiffs' interviews, this Court has jurisdiction over the matter.

Pursuant to this Court's jurisdiction, the Court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b). The Court ascertains that it lacks the information to make a proper determination of Plaintiffs' immigration applications. The Court also notes that, although the application process has been delayed by the FBI name checks, the result of this check is an important piece of information for a final determination of Plaintiffs' applications. Therefore, the Court will remand this case to the CIS.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' motion to dismiss or remand [docket entry #9] is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that this action, **Case No. 07-10795**, is **REMANDED** to the CIS.

**SO ORDERED.**


Dated:    July 17, 2007              s/Paul V. Gadola
                                     HONORABLE PAUL V. GADOLA
                                     UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   July 17, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:        Robert W. Haviland; George P. Mann        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____ .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845